M. F. WESTERGREN, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2723. Promulgated January 26, 1927.

Amortization allowed under section 234(a) (8) of the Revenue Act of 1918.

*Wm. L. Wemple, Esq.*, for petitioner.
*Thomas P. Dudley, Jr., Esq.*, for the respondent.

PHILLIPS: Petitioner appeals from the determination by the respondent of a deficiency of $2,307.15 in income and profits tax for 1918 of which $1,661.52 is in controversy, alleging as error the refusal of the respondent to allow a deduction of $2,016.31 for amortization of buildings erected for use in the production of articles contributing to the prosecution of the war. A large portion of the findings of fact are based upon the allegations of the petition admitted in the answer.

### FINDINGS OF FACT.

The petitioner is a New York corporation with its principal office in New York City.

It has been engaged from the date of its organization in 1902 to the present time in the manufacture of fireproof metal doors and windows and general sheet metal work. During the year 1918 the petitioner occupied leased premises known as 213–221 East 144th Street, Bronx Borough, New York City. Under said lease petitioner was entitled to use not only the building on the premises but also the yard in the rear of the premises extending through to 146th Street and the driveway in said yard. As of January 1, 1918, and at all times during that year, the petitioner had a lease on the said rear yard, which lease extended to March 1, 1922. Under this lease it had no right to remove assets affixed to the realty.

The petitioner received orders from the United States Government between May and December, 1918, for 125,000 fabricated food containers, which were articles contributing to the prosecution of the war referred to in section 234(a) (8) of the Revenue Act of 1918. It did not have sufficient floor space in the leased premises aforesaid on which to manufacture these containers and deliver them as rapidly as the exigencies of war required, and it constructed two temporary one-story sheds in the rear yard aforesaid for use in carrying out the contract. These sheds were approximately 20 by 75 feet and 25 by 15 feet, respectively, and were built of cast off materials and concrete. The cost of constructing said sheds was $2,326.63. These sheds were built in 1918, subsequent to May 1.

The main building used by the petitioner was of brick and was several stories in height. Both before and after 1918 the yard in the rear of this building, including the ground space covered by the sheds, was used by petitioner for the storage of materials used in the manufacture of its products. No sheds were necessary for that purpose. After 1918 the manufacturing activities were carried on wholly within the main building.

The contracts for food containers were fully performed between May 1, 1918, and December 31, 1918. The said sheds were built solely as facilities to be used in connection with production of said food containers.

The petitioner returned in its income for the year 1918 the full amount of profit from the manufacture of said 125,000 food containers. In its return for 1918 it deducted the full amount of the cost of these sheds, or the sum of $2,326.63, and has made no further deduction or any deduction of any amount on account of said sheds in any other return, or received or accepted any adjustment of taxes for subsequent years on account of any deduction in net taxable income on account of depreciation or other deductions on account of said sheds, nor has the taxpayer included the cost of said sheds in invested capital for any year subsequent to the year 1918. The Commissioner has allowed a deduction on account of said sheds of $310.32, on the basis of exhaustion of the cost over the life of the lease of the premises.

During the life of the lease on the said rear yard the said sheds were available for use of the taxpayer, but at the termination of the said lease said right to use terminated and the taxpayer received no compensation of any kind whatsoever for said sheds.

The sheds were of no value to the petitioner in the conduct of its business after December 31, 1918.

*The deficiency is redetermined to be $645.63.*
*Decision will be entered accordingly.*